| | |
|---|---|
| 1 | Vess A. Miller (SBN 278020) |
| 2 | vmiller@cohenmalad.com |
|   | COHENMALAD, LLP |
| 3 | One Indiana Square, Suite 1400 |
| 4 | Indianapolis, Indiana 46204 |
|   | Tel: (317) 636-6481 |
| 5 | Fax: (317) 636-2593 |
| 6 | |
| 7 | Carly M. Roman (SBN 349895) |
|   | carly@straussborellli.com |
| 8 | STRAUSS BORELLI, PLLC |
| 9 | One Magnificent Mile |
|   | 980 N Michigan Avenue, Suite 1610 |
| 10 | Chicago, Illinois 60611 |
| 11 | T: (972) 263-1100 |
|    | F: (872) 263-1109 |
| 12 | |
| 13 | *Counsel for Plaintiff and Proposed Class* |

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| **CARLOS DE ALVA GAMINO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL CUSTOM DESIGNS, LLC,**<br><br>Defendant. | Case No. 5:25-cv-00854<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **Violation of the WARN Act**<br>2. **Violation of the California WARN Act**<br><br>**DEMAND FOR JURY TRIAL** |

Carlos De Alva Gamino ("Plaintiff"), individually and on behalf of a putative class of similarly situated former employees as defined herein, brings this suit

1
CLASS ACTION COMPLAINT

against Defendant Royal Custom Designs, LLC ("Defendant"), by way of this Class Action Complaint:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–09 ("WARN Act"), the California Worker Adjustment and Retraining Notification Act ("California WARN Act"), Cal. Lab. Code §§ 1400–1413, (cumulatively, the "WARN Acts"), by Plaintiff, individually and on behalf of the other similarly situated persons, against Defendant Royal Custom Design, LLC, the employer for purposes of the WARN Acts.

2. Defendant operates a facility located at 13951 Monte Vista Ave, Chino, CA 91710 ("Facility"), where Plaintiff and the putative class worked.

3. On or within 90 days of February 16, 2025, Defendant made a mass layoff by, unilaterally and without notice, permanently terminating over 142 employees at the Facility, without 60 days' advance written notice to employees, including Plaintiff, as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* and the California WARN Act, Cal. Lab. Code § 1401, to the affected employees.

4. On February 7, 2025, Defendant informed the affected employees that they would be terminated on or around February 22, 2025.

5. Defendant's February 16, 2025, terminations constituted a mass layoff or plant closing. As such, Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act and California WARN Acts.

6. Plaintiff brings this action individually, and on behalf of other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass layoff or plant closing ordered by Defendant on or around February 16, 2025 and within 90 days of that date, and were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act and California WARN Act.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. Plaintiff Carlos De Alva Gamino is a citizen of the United States and resident of California. Plaintiff Gamino was employed by Defendant at all relevant

times. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "employee" within the meaning of the California WARN Act, Cal. Lab. Code § 1400.5(h).

11. Defendant Royal Custom Designs, LLC, is a Delaware corporation, registered to do business in California, with its principal place of business at 13951 Monte Vista Ave, Chino, CA 91710. It may be served through its Registered Agent, Jeffrey D Sladick, 396 E Jefferson Ave, Pomona, CA 91767.

12. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility where Plaintiff and the other similarly situated individuals worked or were based, reported to, and received assignments from.

13. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

14. On or about February 7, 2025, Defendant informed, by written documents and verbal communications, its employees at the Facility and nationwide, including Plaintiff, that it was closing down its factory on or around February 22, 2025.

15. Defendant terminated Plaintiff and approximately 142 total employees on February 16, 2025.

16. Defendant did not provide proper WARN Act notice, 60 days' advance notice, as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

17. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period as provided in 29 U.S.C. § 2102(b).

18. By failing to provide its affected employees who were temporarily or permanently terminated on or around February 16, 2025, with proper WARN Act notice and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings the WARN Act claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of February 16, 2025.

20. In addition, Plaintiff brings the California WARN Act claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the California WARN Act) within 90 days of February 16, 2025.

21. Class Action treatment of federal WARN Act claims and California WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. Both classes include, upon information and belief, over 50 class members, and, as such, are so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the classes, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act or California WARN Act. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of both classes, and the claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiff will fairly and adequately represent the classes and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

22. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistency or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

23. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

# COUNT I
## VIOLATIONS OF THE FEDERAL WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
## (WARN Act)

25. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

26. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

27. Defendant employed more than 100 full-time employees for at least six months of the 12 months preceding the date that notice was required under the WARN Act.

28. Plaintiff and the putative class were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

29. Defendant's February 16, 2025, terminations constitute a "plant closing" as defined in 29 U.S.C. § 2101(a)(2) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days. In the alternative, the terminations constitute a "mass layoff" in that at least 50 employees and more than 33% of the employees employed there were terminated. 29 U.S.C. § 2101(a)(3)(B)(i)(I)-(II). The ongoing terminations, occurring within any 90 day period, may be aggregated. 29 U.S.C. § 2102(d).

30.     For purposes of 29 U.S.C. § 2101(a)(3)(B), the Facility constitutes a single site of employment in that the locations are within the same geographic area, share the same operational purpose, and may share the same staff or equipment. The Facility is the place from which Plaintiff and the putative class of former employees were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

31.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

32.     On information and belief, prior to February 16, 2025, Defendant did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Upon information and belief, nor did Defendant give any prior written notice to the California Employment Development Department ("EDD"), or to the chief elected official of the local government within

which the mass layoff was ordered. Rather, Defendant waited until after the layoffs began to attempt to do so.

33. Defendant violated the WARN Act by failing to give timely written notice as required by 29 U.S.C. § 2102(a) of the mass layoff that began on or about February 16, 2025.

34. As such, Plaintiff and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

35. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(a)(5).

36. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**COUNT II**
**VIOLATIONS OF THE CALIFORNIA WARN ACT,**
**CA. LAB. CODE §§ 1401, *et seq*.**
**(California WARN Act)**

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

38. Defendant is an "employer" within the meaning of the California WARN Act. Cal. Lab. Code § 1400.5(b).

39. Plaintiff and the putative class were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400.5(h).

40. The February 16, 2025, permanent layoffs resulted in a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400.5(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

41. For purposes of Cal. Lab. Code § 1400.5(a), the Facility employed more than 75 persons within the preceding 12 months and constitutes a single "covered establishment." This Facility is the place from which Plaintiff and the putative class were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

42. The California WARN Act requires employers to provide 60-days' notice of any plant closing to "the employees of the covered establishment affected by the order" and "the California Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs."  Cal. Lab. Code § 1401(a)(1)–(2).

43. On information and belief, prior to February 16, 2025, Defendant did not give proper 60 days' written notice of the plant closing and/or mass layoff to

any "affected employee," including Plaintiff and the putative class, as that term is defined in Cal. Lab. Code § 1401(a)(1)–(2). Upon information and belief, nor did Defendant give any *prior* written notice to the California EDD, or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant waited until after the layoffs began to attempt to do so.

44. Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff, which began on or about February 16, 2025, as required by the California WARN Act, Cal. Lab. Code § 1401(b).

45. The California WARN Act expressly permits a person to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of Cal. Lab. Code § 1404.

46. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102, which are incorporated into the California WARN Act, Cal. Lab. Code § 1401(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a class action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel;

2. A declaration that Defendant has violated the WARN Act and the California WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act and the California WARN Act;

4. A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B) and California WARN Act, Cal. Lab. Code § 1402;

5. A finding that Defendant's violations of the WARN Act and California WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102, and/or California WARN Act, Cal. Lab. Code § 1401(b);

6. A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted

under the WARN Act, 29 U.S.C. § 2104(a)(6) and California WARN Act, Cal. Lab. Code §§ 1404, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3), and the California WARN Act, Cal. Lab. Code § 1403; and

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act and the California WARN Act.

Dated: April 7, 2025

Respectfully submitted,

*/s/ Vess Miller*
Vess A. Miller (SBN 278020)
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
vmiller@cohenmalad.com

Carly M. Roman (SBN 349895)
**STRAUSS BORELLI, PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (972) 263-1100
F: (872) 263-1109
carly@straussborellli.com

*Counsel for Plaintiff and the Proposed Class*