Vess A. Miller (SBN 278020)
vmiller@cohenmalad.com
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
Fax: (317) 636-2593

Carly M. Roman (SBN 349895)
carly@straussborellli.com
STRAUSS BORELLI, PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (972) 263-1100
F: (872) 263-1109

*Counsel for Plaintiff and Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **CARLOS DE ALVA GAMINO**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **ROYAL CUSTOM DESIGNS, LLC,** <br><br> Defendant. | Case No. 5:25-cv-00854 <br><br> **PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |

COMES NOW Carlos De Alva Gamino, ("Plaintiff") to bring this Application for Default Judgment under Federal Rule of Civil Procedure 55(b)(1) for the sum certain of $12,096. Undersigned counsel certifies that Defendant has not appeared in this case nor provided any notice of intent to appear.

Rule 55 requires a "two-step process." *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment). First, plaintiff must seek entry of default. *Eitel,* 782 F.2d at 1471; *see also Norman v. Small*, 2010 U.S. Dist. LEXIS 133507, at *2 (S.D. Cal. Dec. 14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default). Once defendant's default has been entered, plaintiff must seek a default judgment, either from the clerk or the court. *Eitel,* 782 F.2d at 1471. Here, Defendant has failed to answer or otherwise defend this action and the Clerk entered its default on July 21, 2025. *See* ECF No. 13. Rule 55's first step is satisfied.

Entry of default establishes liability but not damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The clerk may enter judgment if plaintiff's damages are "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). A claim is for a sum certain if "no doubt remains as to the amount

to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004). In addition to the affidavit required by Rule 55(b)(1), plaintiff should submit "documentary evidence accounting for the amounts claimed and how the sum is calculated." *Epstein v. Cooley*, 2022 WL 19333328, at *1 (S.D. Cal. Nov. 1, 2022).

Here, Plaintiff's damages can be made certain by a straightforward computation. Defendant's default has established its liability under the WARN Act, 29 U.S.C. §§ 2101–2109, for failure to give any notice to Plaintiff before laying him off as part of a mass layoff or plant closing on August 6, 2024. *See* Compl. ¶¶ 3-6, No statutory defense is available to Defendant. *See id.* ¶¶ 31-34, 34. The Act therefore entitles Plaintiff to back pay "for each day of [Defendant's] violation." 29 U.S.C. § 2104(a)(1)(A). Because Defendant was obligated to give 60 days' notice, *id.* § 2102(a)(1), but gave zero, Compl. ¶ 3-6, Plaintiff is entitled to 60 days' back pay. *Burns v. Stone Forest Indus., Inc.*, 147 F.3d 1182, 1183 (9th Cir. 1998) ("The statute makes the company liable for 'back pay for each day of violation' to be 'calculated for the period of the violation, up to a maximum of 60 days.'" (quoting 29 U.S.C. § 2104(a)(1))).

Thus, Plaintiff should be awarded what he would have earned during the 60-day "period of violation." *See Burns*, 147 F.3d at 1185 (adopting "work day"

approach to WARN Act damages calculations). Plaintiff's pay is calculable using the "daily rate" method:

> Plaintiffs' counsel calculated an employee's theoretical backpay by taking her wages earned over the last 14-day pay period, dividing it by 14 days to obtain a "daily rate," and multiplying that "daily rate" by 60 days....The Court finds that this calculation method comports with the justification for using the work days method, which is to award "a sum equal to what [the employee] normally would have earned" had the violation not occurred. *Burns*, 147 F.3d at 1185 (quoting Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 197, 61 S. Ct. 845, 85 L. Ed. 1271 (1941)). By taking the amount earned over the last pay period, converting it to a "daily" amount over that pay period, and multiplying that by 60, Plaintiffs provide the best approximation of what an employee would have been paid over a 60-day pay period for however many days she worked during that period.

*Gunderson v. Alta Devices, Inc.*, 2021 WL 4461569, at *3 (N.D. Cal. Sept. 29, 2021) (some internal citations omitted).

Here, as set forth in the Declaration of Vess Miller attached as Exhibit A, Plaintiff has submitted his final paystub of his employment with Defendant. Miller Decl. ¶ 3. In that period, Plaintiff earned an hourly rate of $21/hour which would make his average daily earning $168/day. Miller Decl. ¶ 4. Multiplying the "daily rate" of $168 by 60 days amounts to $10,080 in lost wages due to Plaintiff. *Id.* ¶ 5. Additionally, Plaintiff did not receive benefits during that time period. Although Plaintiff cannot state the "precise extent" of the amount he is owed in benefits, he should not be denied a meaningful remedy. *Anderson v. Mt. Clemens Pottery Co.*,

328 U.S. 680, 687 (1946). The benefit calculation was based on 20% of wages and comes to $2,016. "[N]o doubt remains" that this is the amount to which Plaintiff is entitled under the WARN Act as a result of Defendant's default. *Franchise Holding II*, 375 F.3d at 929.

Plaintiff requests a Final Default judgment in his favor for $12,096.[1]

Dated: October 21, 2025                Respectfully submitted,

/s/ Vess Miller
Vess A. Miller (SBN 278020)
**COHENMALAD, LLP**
One Indiana Square,
Suite 1400 Indianapolis, Indiana 46204
 (317) 636-6481
vmiller@cohenmalad.com

Carly M. Roman (SBN 349895)
**STRAUSS BORELLI, PLLC**
One Magnificent Mile
980 N Michigan Avenue,
Suite 1610 Chicago, Illinois 60611
 T: (972) 263-1100 F: (872) 263-1109
carly@straussborellli.com

*Counsel for Plaintiff and the Proposed Class*

---

[1] If judgment is entered in his favor, Plaintiff intends to seek attorneys' fees. *See* 29 U.S.C. § 2104(a)(6).